## BIONDINO v. HOLLOWAY.

No. 161036.

Circuit Court, Hillsborough County.

October 30, 1967.

Thomas P. Biondino, in pro. per.

Robert M. Christ, Tampa, for the defendant.

Lawrence Kanzer, Miami, for the intervenor.

JAMES A. LENFESTEY, Circuit Judge.

*Final judgment:* This cause having come on for hearing upon the petition of the Florida Industrial Commission to intervene in this cause, the motion to dismiss filed by the Industrial Commission, the complaint of plaintiff, Thomas P. Biondino, filed herein, and the answer of defendant, Iver Holloway, which answer is in letter form and filed in the court file, and the plaintiff appearing in proper person representing himself, the Industrial Commission being represented by Lawrence Kanzer, Esquire, and the defendant, Iver Holloway, being represented by Robert M. Christ, Esquire, and it appearing to the court that upon stipulation of plaintiff it was agreed that the Industrial Commission be permitted to intervene in this cause, with plaintiff reserving his rights to the matters set forth in his answer to the petition for intervention, and it further appearing to the court that the record in the cause, as reflected by the pleadings, exhibits and matters on file in the court file, constitutes a sufficient basis upon which this court should rule respecting the rights, duties and obligations of all parties hereto with respect to this cause, and it further appearing to this court, and the court taking cognizance of the fact, that Thomas A. Miller, Deputy Workmen's Compensation Commissioner, did on the 1st day of April, 1966, enter an order fixing attorney's fees for the plaintiff in the amount of $1,057.35, and it being stipulated between counsel that a total recovery was had on behalf of defendant, Iver Holloway, of a lump sum settlement in the amount of $8,073.50 and that the defendant, Iver Holloway, did pay to her attorney, Thomas P. Biondino, pursuant to a contingent fee retainer agreement, copy of which is attached to the complaint, the sum of $2,000, representing approximately 25% of the amount of said recovery, and it appearing that Thomas P. Biondino did file with the deputy commissioner a petition for approval of said fee and that pursuant to a hearing had thereon the deputy commissioner ruled that Iver Holloway was not bound by the retainer fee contract entered into between the plaintiff and her, and awarded to plaintiff the sum of $1,057.35 for reasonable attorney's fees, said sum being based upon the Minimum Bar Fee Schedule for Hillsborough County, and that this cause was brought on for declaratory judgment by the plaintiff for the purpose of determining his rights under the retainer fee agree-

ment and his rights, duties and obligations and the authority of the deputy commissioner under Florida Statutes §440.34 regarding the approval of attorney's fees in workmen's compensation cases, and the court having heard argument of counsel for the respective parties to this cause and having considered the aforesaid stipulation of counsel, it is hereupon ordered and adjudged as follows —

That this court has jurisdiction of this cause and of the parties hereto.

That the Florida Industrial Commission is hereby permitted to intervene in this cause.

That the motion to dismiss filed in this cause by the Florida Industrial Commission is hereby denied.

That the order of Thomas A. Miller, Deputy Workmen's Compensation Commissioner, entered on the 1st day of April, 1966, is hereby declared to be void, same being beyond the authority conferred upon him under Florida Statutes §440.34.

That the retainer fee agreement entered into between plaintiff, Thomas P. Biondino, and defendant, Iver Holloway, is a valid and binding contract between the parties.